17-07-72107

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Roosevelt Cayman Asset Company,<br>Plaintiff,<br>v.<br>José Davila Pérez a/k/a José Enrique Davila Pérez, Mayra Seguinot Davila a/k/a Mayra Ivette Seguinot Davila and the Conjugal Partnership constituted among them,<br>Defendants. | CIVIL NO: 17-02058<br>RE: Collection of Money and Mortgage Foreclosure |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES now, **Roosevelt Cayman Asset Company**, hereinafter referred to as "**Roosevelt**", by the undersigned attorney, and very respectfully states, alleges and prays:

**I Parties**

1. The registered office of Roosevelt is at the offices of Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005.

2. Rushmore Loan Management Services LLC is the servicer for Roosevelt with its principal place of business in 1540 Broadway, Suite 1500, New York, NY 10036.

3. José Davila Pérez a/k/a José Enrique Davila Pérez, Mayra Seguinot Davila a/k/a Mayra Ivette Seguinot Davila and the Conjugal Partnership constituted among them hereinafter will be referred to as "the defendants or the mortgagors".

4. Defendants' last known address is located in Dorado, Puerto Rico.

**II Jurisdiction and Venue**

5. This Honorable Court has jurisdiction over the instant case pursuant to the provisions of 28 U.S.C. § 1332 (a)(2) because the amount claimed, exclusive of interests and costs, exceeds $75,000.00 and the parties are citizens of a State and citizens or subjects of a foreign state.

6. Venue is proper pursuant to 28 U.S.C. 1391 (b) (1) because the mortgagors' residence is in Puerto Rico.

**II Allegations**

7. On February 22, 2005, for value received, a mortgage note payable to Doral Bank or order was executed before Notary Public Julio Francisco Fernandez Rodríguez, affidavit number 8243, hereinafter "**the note or the instrument**". The note in the principal sum of $330,080.00 bears interests on the unpaid principal balance at the rate of 5.950% per annum until the debt is paid in full.

8. The principal and interests due under the note are payable in monthly installments.

9. The note provides for the payment of late charges in the amount of 5.000% of each and any monthly installment not received by the note holder within 15 days after the installment is due and for the payment of 10% of the original principal amount ($32,548.84) to cover costs, expenses, and attorney's fees in the event the holder of the Note is required to seek judicial collection.

10. A voluntary mortgage was constituted by deed number 268 executed before the notary public Julio Francisco Fernandez Rodríguez on February 22, 2005, hereinafter "**the mortgage deed**" to secure the repayment of (a) the indebtedness evidenced by the note, (b) an amount of 10% of the original principal amount ($32,548.84) of the note to cover costs, expenses and attorney's fees in the event of judicial collection, (c) an amount of 10% of the original principal amount ($32,548.84) of the note to cover any advances made under the mortgage deed and, (d) an amount of 10% of the original principal amount of the note ($32,548.84) to cover interests in addition to those secured by law.

11. The mortgage encumbers the below described property, hereinafter "**the property**".

> *URBANA: Solar número 5 del bloque J de la Urbanización Paseo Los Corales I, radicado en el Barrio Pueblo e Higuillar de Dorado, Puerto Rico, con un área superficial de 647.31 metros cuadrados. En lindes: por el Norte, en una distancia de 32.433 metros, con el solar número 6 del bloque J de la urbanización; por el Sur, en una distancia de 35.475 metros, con el solar número 4 del bloque J de la urbanización; por el Este, en una distancia de 19.946 metros, 12.895 metros y 2.519 metros, con la Calle Cabo de Hornos de la urbanización y por el Oeste, en una distancia de 19.946 metros, con la Calle Mar de Cortés y pozo existente de la urbanización. En este solar enclava una casa para propósitos residenciales.*

12. The property is identified with the number 12411 and is recorded at page number 38 of volume number 252 of Dorado, in the Registry of Property of Bayamón, Fourth Section.

13. The mortgage is recorded at page number 38 of volume number 252 of

Dorado, first entry in the Registry of Property of Bayamón, Fourth Section.

14. The loan was later modified stating that its new principal balance is thereby increased to $309,117.81 with monthly installments of principal and interests in the amount of $1,594.34 bearing annual interest at a rate of 5.50% from the First (1st) day of September, 2012 until August 1st, 2052; constituted by deed number 524 executed in San Juan, July 28, 2012 before the notary public Magda V. Alsina Figueroa.

15. The loan was later modified stating that its new principal balance is thereby increased to $325,488.46 with monthly installments of principal and interests in the amount of $1,485.36, bearing annual interest at a rate of 5.00% from the First (1st) day of December, 2013 until November 1st, 2018; From the First (1st) day of December, 2018 until November 1st, 2053 with monthly installments of principal and interests in the amount of $1,580.51, bearing annual interest at a rate of 5.50%; with a last payment in the amount of $17,448.23 constituted by deed number 721 executed in San Juan, October 31, 2013 before the notary public Leilany Carrión Del Toro.

16. The modified mortgage is recorded at Karibe of Dorado, Fourth entry in the Registry of Property of Bayamón, Fourth Section.

17. In accordance with the Registry of Property the defendants are the owners of the property.

18. Pursuant to 19 L.P.R.A. sec.601, Roosevelt is the person entitled

to enforce the instrument.

19. It was expressly stipulated in the note and in the mortgage deed that default in the payment of the monthly installments or noncompliance with the covenants or agreements included in the note and/or the mortgage deed would authorize the holder of the note to declare due and payable the total amount of the indebtedness evidenced by the note, and proceed with the execution and/or foreclosure of the mortgage.

20. The last payment made by the defendants under the mortgage note was the payment due February 1, 2017. The defendants herein have failed to comply with the terms of the note and the mortgage deed and have breached their duty to pay the monthly installments due since February 1, 2017 and thereafter until the present day.

21. Roosevelt has tried to collect the indebtedness evidenced by the mortgage note without avail thus the entire principal sum and accrued interests and expenses have become due and payable pursuant to the acceleration clause of the note and the mortgage deed.

22. After declaring all the indebtedness of the defendants due and payable, the defendants owe Roosevelt the principal sum of $316,959.45 plus interest at a rate of 5.00% per annum since February 1, 2017. Such interests continue to accrue until the debt is paid in full. The defendant also owes Roosevelt late charges in the amount of 5.000% of each and any monthly installment not received by the note holder within 15 days after the installment

was due. Such late charges continue to accrue until the debt is paid in full. The defendants also owe Roosevelt all advances made under the mortgage note including but not limited to insurance premiums, taxes and inspections as well as 10% of the original principal amount ($32,548.84) to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation.

23. Plaintiff will present at the Registry of Property of Bayamón, Fourth Section a notice of *lis pendens* over the property that is subject of the instant action.

**WHEREFORE,** in view of the above plaintiff hereby respectfully requests that the remedy herein sought be granted and demands the entry of judgment as follows:

a. That defendants pay Roosevelt the amounts claimed in paragraph 22 of this complaint;

b. Or in default thereof that an Order and a Writ of Execution be issued so as to allow for all legal rights, title and interests which the defendants may have in the above described property and any building or improvement thereon be sold at a public auction and that the monies due to Roosevelt as alleged in the preceding paragraphs be paid out of the proceeds of the judicial sale;

c. That the defendants be absolutely barred and foreclosed from all rights and equity redemption in and to said property;

d. That if the proceeds of the judicial sale are insufficient to cover the amounts specified under paragraph (a) of this

prayer, the defendants be adjudged to pay Roosevelt the total amount of money remaining unsatisfied and execution be issued forthwith against the defendants for the payment of the deficiencies against any of the properties of said defendants;

e. That if the proceeds of the judicial sale exceed the sum of money to be paid to Roosevelt as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f. That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of any junior liens recorded therein;

g. Order such further relief as in accordance with the law and equity may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 8 day of August 2017.

**MARTINEZ & TORRES LAW OFFICES**
P.O. Box 192938
San Juan, PR 00919-2938
Tel. (787) 767-8244
Fax (787) 767-1183

/s/ Nathalia M. Rivera Florez

By: Nathalia M. Rivera Florez
USDC -PR 228203
*nmrivera@martineztorreslaw.com*