IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY, | |
| Plaintiff, | |
| v. | CIVIL NO.: 17-2058 (MEL) |
| JOSÉ DÁVILA PÉREZ, et al. | |
| Defendants. | |

**OPINION AND ORDER**

**I.     Procedural Background**

On August 8, 2017, Roosevelt Cayman Asset Company ("Plaintiff") filed a complaint against José Dávila Pérez (also known as José Enrique Dávila Pérez), Mayra Seguinot Dávila (also known as Mayra Ivette Seguinot Dávila), and their Conjugal Partnership ("Defendants"). ECF No. 1. Pending before the court is Plaintiff's motion for summary judgment. ECF No. 43. Defendants did not file a response in opposition and Plaintiff's motion for summary judgment was deemed unopposed. ECF No. 50. This matter concerns an action for collection of monies and foreclosure of mortgage.

**II.    Legal Standard**

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992) (citations omitted). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if

the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, the party cannot merely "rely on an absence of competent evidence, but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995) (citation omitted). The party need not, however, "rely only on uncontradicted evidence . . . . So long as the [party]'s evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original) (citation omitted).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan, 904 F.2d at 115. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and

2

likelihood." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

### III.   Uncontested Material Facts[1]

On February 22, 2005, Defendants received a mortgage loan from Doral Bank. Defendants' repayment obligation is evinced by a mortgage note ("the Mortgage Note") payable to Doral Bank or order that was executed before Notary Public Julio Francisco Fernández Rodríguez. ECF No. 41, at 1-2, ¶ 1; ECF No. 41-1. The principal and interests due under the Mortgage Note are payable in monthly installments. ECF No. 41, at 2, ¶ 4; ECF No. 41-1, at 1-2. The Mortgage Note in the principal sum of $330,080.00 bears interest on its unpaid principal balance at the rate of 5.95% per annum until the debt is paid in full. ECF No. 41, at 2, ¶ 2; ECF No. 41-1, at 1. The Mortgage Note provides for the payment of late charges in the amount of 5.00% of any monthly installment not received by the note holder within 15 days after the installment is due, and for the payment of 10% of the original principal amount to cover costs, expenses, and attorney's fees in the event that the person entitled to enforce the instrument is required to seek judicial collection. ECF No. 41, at 2, ¶ 3; ECF No. 41-1, at 1.

That same day, Defendants executed Mortgage Deed No. 268 ("the Mortgage Deed") before Notary Public Julio Francisco Fernández Rodríguez to secure the repayment of (a) the indebtedness evidenced by the Mortgage Note, (b) an amount of 10% of the original principal amount of the Mortgage Note to cover costs, expenses, and attorney's fees in the event that the holder of the note is required to foreclose the mortgage or seeks judicial collection, (c) an

---

[1] Local Rule of Civil Procedure 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."

amount of 10% of the original principal amount of the Mortgage Note to cover any advances made under the Mortgage Deed, and (d) an amount of 10% of the original principal amount of the Mortgage Note to cover interests in addition to those secured by law. ECF No. 41, at 2-3, ¶ 5; ECF No. 41-2, at 1-3.

On July 28, 2012, the Mortgage Note was modified with a new principal in the amount of $309,117.81 with monthly installments of principal and interests in the amount of $1,594.34 bearing annual interest at a rate of 5.50% from September 1, 2012 until August 1, 2052. ECF No. 41, at 3, ¶ 6; ECF No. 41-3; ECF No. 41-6, at 3, ¶ 7. The modification was constituted by Modification Deed No. 524 executed before Notary Public Magda V. Alsina Figueroa. Id.

On October 31, 2013, the Mortgage Note was modified a second time with a new principal in the amount of $325,488.46 with monthly installments of principal and interests in the amount of $1,485.36; bearing annual interest at a rate of 5.00% from December 1, 2013 until November 1, 2018; and from December 1, 2018 until November 1, 2053 with monthly installments of principal and interests in the amount of $1,580.51, bearing annual interest at a rate of 5.50%; with a last payment in the amount of $17,448.23. ECF No. 41, at 3-4, ¶ 7; ECF No. 41-6, at 3, ¶ 8. The second modification was constituted by Modification Deed No. 721 executed before Notary Public Leilany Carrión Del Toro. ECF No. 41-4; ECF No. 41-6, at 3, ¶ 8; ECF No. 52-1.

The Mortgage Deed and modification deeds are valid and subsisting liens encumbering the property in question, and is described below in the Spanish language:

> Urbana: Solar número 5 del bloque J de la Urbanización Paseo Los Corales I, radicado en el Barrio Pueblo e Higuillar de Dorado, Puerto Rico, con un área superficial de 647.31 metros cuadrados. En lindes por el Norte, en una distancia de 32.433 metros, con el solar número 6 del bloque UJ de la urbanización; por el Sur, en una distancia de 35.475 metros, con el solar número 4 del bloque J de la urbanización; por el Este, en una distancia de 19.946 metros, 12.895 metros y 2.519

metros, con la Calle Cabo de Hornos de la Urbanización; y por el Oeste, en una distancia de 19.946 metros, con la Calle Mar de Cortés y pozo existente de la urbanización. En este solar enclava una casa para propósitos residenciales.

ECF No. 41, at 4, ¶ 8; ECF No. 41-2, at 19; ECF No. 41-3, at 3; ECF No. 41-4, at 3; ECF No. 52-1, at 3.[2]

In accordance with the Registry of Property, the Defendants are the owners of the property at issue. ECF No. 41, at 5, ¶ 12; ECF No. 41-5, at 1. Plaintiff is now the owner and holder of the Mortgage Note having acquired it in the ordinary course of business and is entitled to enforce it. ECF No. 41, at 5, ¶ 13; ECF No. 41-6, at 4, ¶ 11. It was expressly stipulated in the Mortgage Note and Mortgage Deed that default in the payment of the monthly installments or failure to comply with the covenants or agreements included in the Mortgage Note and/or the Mortgage Deed would authorize the person entitled to enforce the instrument to declare due and payable the entire principal and amount and accrued interest thereon, and to proceed with the execution or foreclosure of the mortgage. ECF No. 41, at 5, ¶ 14; ECF No. 41-1, at 1; ECF No. 41-2, at 16.

Plaintiff has attempted to collect the indebtedness evidenced by the Mortgage Note as twice modified. ECF No. 41, at 6, ¶ 17; ECF No. 41-6, at 5, ¶ 13. The entire principal sum and accrued interests and expenses have become due and payable pursuant to the acceleration clause of the Mortgage Note and the Mortgage Deed. Id. Defendants defaulted on the repayment obligation to Plaintiff and owe the principal sum of $316,959.45, of which $17,448.23 is a

---

[2] The property is identified with the number 12411 and is recorded at page 38 of volume 252 of Dorado, in the Registry of Property of Bayamón, Fourth Section. ECF No. 41, at 4, ¶ 9; ECF No. 41-5, at 1. The Mortgage Deed is recorded at page 38 of volume 252 of Dorado, entry number one in the Registry of Property of Bayamón, Fourth Section. ECF No. 41, at 5, ¶ 10; ECF No. 41-5, at 1. The first modified mortgage is recorded at page 38 of volume 252 of Dorado, property number 12411, entry number 3 in the Registry of Property of Bayamón, Fourth Section. ECF No. 41-5, at 1. The second modified mortgage is recorded at volume Karibe of Dorado, property number 12411, entry number four in the Registry of Property of Bayamón, Fourth Section. ECF No. 41, at 5, ¶ 11; ECF No. 41-5, at 1; ECF No. 52-1.

deferred principal that does not accrue interest and the balance amount of $299,511.22 plus interest over the unpaid principal balance at the interest rate which is currently equal to 5.00% per annum from February 1, 2017 until the debt is paid in full. ECF No. 41, at 6, ¶ 16; ECF No. 41-6, at 3-4, ¶ 9. In addition, Defendants owe late charges amounting to 5.00% of any and all monthly payments or installments in arrears over 15 days after the installment is due and all advances made pursuant to the provisions of the Mortgage Note and Mortgage Deed. ECF No. 41-6, at 4, ¶ 10; ECF No. 41-1, at 1; ECF No. 41-2, at 3. Defendants also owe an amount equivalent to 10% of the principal balance, or $32,548.84, as a liquidated amount to cover costs, expenses, and attorney's fees. ECF No. 41-6, at 4, ¶ 10.

## IV.   Applicable Law

Pursuant to Puerto Rico law, "[a] person receiving money or any other perishable thing on loan acquires its ownership, and is bound to return to the creditor an equal amount of the same kind and quality." 31 L.P.R.A. § 4571. Furthermore, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." 31 L.P.R.A. § 2994. Therefore, "courts may not relieve a party of its agreed upon contractual obligations." Roosevelt Cayman Asset Co. II v. Mercado, Civ. No. 15-2314, 259 F. Supp. 3d 1, 4 (D.P.R. 2016).

A mortgage "directly and immediately subjects the property on which it is imposed, whoever its possessor may be, to the fulfillment of the obligation for the security of which it was created." 31 L.P.R.A. § 5043. "The real right of a mortgage, once constituted subject to the mortgaged good, grants whoever is its title holder or possessor the power to demand the fulfillment of the obligation that it warranties, with preference corresponding to the degree of registration." Roosevelt Cayman Asset Co. v. Brea, Civ. No. 15-1653, 2016 WL 1716837, at *3

(D.P.R. Apr. 28, 2016) (citations omitted). "It is also essential in these contracts that when the principal obligation is due, the things of which the pledge or mortgage consists may be alienated to pay the creditor." 31 L.P.R.A. § 5002.

## V. Legal Analysis

The uncontroverted facts show that Plaintiff is entitled to summary judgment. Plaintiff established that Defendants entered into a contract with Doral Bank whereby on February 22, 2005, Defendants received a mortgage loan, and in exchange, provided a Mortgage Note of $330,080.00, repayable with an annual interest rate of 5.95%. As guarantee of the above note, Defendants executed the Mortgage Deed encumbering the property in question. On July 28, 2012, the Mortgage Note was modified with a new principal in the amount of $309,117.81 with monthly installments of principal and interests in the amount of $1,594.34 bearing annual interest at a rate of 5.50% from September 1, 2012 until August 1, 2052; constituted by Modification Deed No. 524. ECF No. 41-3.

On October 31, 2013, the Mortgage Note was modified a second time with a new principal in the amount of $325,488.46 with monthly installments of principal and interests in the amount of $1,485.36; bearing annual interest at a rate of 5.00% from December 1, 2013 until November 1, 2018; and from December 1, 2018 until November 1, 2053 with monthly installments of principal and interests in the amount of $1,580.51, bearing annual interest at a rate of 5.50%; with a last payment in the amount of $17,448.23. ECF No. 41-6, at 3, ¶ 8. The modification was constituted by Modification Deed No. 721. ECF No. 52-1. Defendants defaulted on their repayment obligations to Plaintiff, and owe Plaintiff the principal sum of $316,959.45, of which $17,448.23 is a deferred principal that does not accrue interest and the balance amount of $299,511.22 plus interest over the unpaid principal balance at the interest rate

which is currently equal to 5.00% per annum from February 1, 2017 until the debt is paid in full. ECF No. 41-6, at 3-4, ¶ 9. In addition, Defendants owe late charges amounting to 5.00% of any and all monthly payments or installments in arrears over 15 days after the installment is due and all of the advances made pursuant to the provisions of the Mortgage Note and Mortgage Deed. ECF No. 41-6, at 4, ¶ 10. Defendants also owe an amount equivalent to 10% of the principal balance, or $32,548.84, as a liquidated amount to cover costs, expenses, and attorney's fees. ECF No. 41-6, at 4, ¶ 10. These uncontroverted facts show that summary judgment is appropriate. See Brea, 2016 WL 1716837, at *3.

## VI.  Conclusion

For the foregoing reasons, Plaintiff's unopposed motion for summary judgment (ECF No. 43) is GRANTED, and judgment shall be entered against Defendants in the amount of $316,959.45, of which $17,448.23 is a deferred principal that does not accrue interest. The unpaid principal balance of $299,511.22 accrues interest at the rate of 5.00% per annum from February 1, 2017 until the debt is paid in full. In addition, Defendants owe late charges amounting to 5.00% of any and all monthly payments or installments in arrears over 15 days after the installment is due and all advances made pursuant to the provisions of the Mortgage Note and Mortgage Deed. Defendants also owe $32,548.84 to cover Plaintiff's costs, expenses, and attorney's fees.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of August, 2021.

s/Marcos E. López<br>U.S. Magistrate Judge